UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT HEDRICK,

                            Plaintiff,                    9:25-CV-0980
                                                (BKS/PJE)

       v.

ALEXANDER ALFRED, Correction Officer, et al.,

                          Defendants.

---

APPEARANCES:

ROBERT HEDRICK
Plaintiff pro se
23-B-1782
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

## I.     INTRODUCTION

Pro se plaintiff Robert Hedrick ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1 ("Compl."). Plaintiff, who was incarcerated at Mid-State Correctional Facility ("Mid-State C.F.") when he filed the action, also filed a request to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").

On August 27, 2025, plaintiff filed a notice indicating that he was transferred from Mid-State C.F. to Marcy Correctional Facility ("Marcy C.F."). Dkt. No. 9.

In a Decision and Order filed on September 25, 2025 (the "September 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 11.  The Court found that plaintiff's retaliation claims, Fourth Amendment claim, and Eighth Amendment claims were sufficiently pled and required a response.  *Id*. at 64.  Plaintiff's remaining claims were dismissed, without prejudice.  *Id*.   Plaintiff was directed to provide documents for service.  Dkt. No. 13.

In lieu of filing the documents for service, plaintiff filed an amended complaint (Dkt. No. 16) and a motion for preliminary injunctive relief (Dkt. No. 20).  In a Decision and Order filed on February 13, 2026 (the "February 2026 Order"), the Court directed a response to the following claims: (1) retaliation claims; (2) First Amendment mail tampering claim against defendant Edict; (3) Fourth Amendment unlawful body search claims against defendants Alfred and Dundon; (4) Eighth Amendment excessive force and sexual abuse claims against defendant Alfred; (5) Eighth Amendment excessive force claims against defendants Femia, Kachare, Freeman, and Stromecki; (6) Eighth Amendment failure-to-intervene claim against defendant Conway; (7) Eighth Amendment conditions-of-confinement claim against defendant Femia; (8) Eighth Amendment failure-to-protect claim against defendants Laliberte, Edict, and John Doe #1; (9) Eighth Amendment failure-to-protect claim against defendant Alfred based on attempting to have plaintiff assaulted on or about October 5, 2024; (10) Eighth Amendment failure-to-protect claim against defendant Femia based on the events of October 20, 2024; and (11) Eighth Amendment medical indifference claims against defendants Kachare, Czerwinski, Mungo, Fischer, Storey, Tapia, Freeman, Stromecki, Femia, Slate, Delmar, King, Nicholas, Garcia, and Coriglianno based on preventing plaintiff

2

from receiving adequate medical treatment.  Dkt. No. 21.  Plaintiff's remaining claims were dismissed.  *Id*.  The Court also denied plaintiff's request for preliminary injunctive relief.  *Id.*

In March 2026, plaintiff provided the documents for service and summonses were issued.  Dkt. Nos. 24-26.

Presently before the Court is plaintiff's second motion for preliminary injunctive relief. Dkt. No. 28.  For the reasons set forth below, plaintiff's motion is denied.

## II.    MOTION FOR A PRELIMINARY INJUNCTION

### A.  Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.' " *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs*., 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y*., 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear

showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581 (2015) (citation and internal quotation marks omitted). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

As plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success or show that extreme or very serious damage would result in the absence of the requested relief.  *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir. 1995).  Plaintiff's motion is denied for the following reasons.

### B.  Analysis

Construing the motion liberally, plaintiff alleges his grievances were "not answered" or "ignored" and asserts that the law library and grievance program at Mid-State C.F. and Marcy C.F. are "unconstitutional and unavailable."  Dkt. No. 28 at 2.  With respect to his confinement at Marcy C.F., plaintiff claims that he has been denied medical care for his shoulder, sinuses, and opioid withdrawal.  *Id*. at 2-7, 11, 14.  Plaintiff also contends that he was placed in the "horticulture program" but, due to his medical condition, he cannot participate in that program and asserts, "they're going to make it seem that I'm refusing a program and take all of my good time."  *Id*. at 14-16.

Plaintiff seeks an order directing defendants to comply with DOCCS Directives related to the grievance program and an order directing defendants to provide medical treatment from "a nonbiased qualified physician" and "proper medical care and imaging."  Dkt. No. 28 at 24.  Plaintiff also moves to be excused "from further programs" until he is "functional" and for an order enjoining defendants from taking "all of [his] good time."  *Id*. at 16, 24.

### 1.  Requests for Relief Related to Mid-State C.F.

At the time plaintiff filed the motion, he was confined at Marcy C.F.  *See* Dkt. No. 28 at 25.  The law is well-settled that an incarcerated individual's transfer out of a facility where he was allegedly experiencing ongoing harm moots his claim for injunctive relief, regardless of

5

that individual's fear or speculation that he may be returned to that facility at any point. *See, e.g., Booker v. Graham*, 974 F.3d 101, 107-08 (2d Cir. 2020) ("Booker argues that he may 'return to Auburn during the term of his incarceration, . . . but '[s]uch speculation warrants no departure from the principle' that an inmate may not seek injunctive relief against prison officials after transfer." (quoting *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011)).  The Court finds this legal principle equally applicable under the current facts of this case.

### 2.  Requests for Relief Related to Marcy C.F.

As discussed *supra*, the only Marcy C.F. defendants are Garcia and Coriglianno.  *See* Dkt. No. 21 at 45.  To the extent plaintiff seeks injunctive relief against unidentified officers and individuals at Marcy C.F., who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

#### a.  Grievance Process, Law Library, Programming, and Good Time Credits

Even if the court could provide relief requested, some of the issues underlying plaintiff's request for injunctive relief are unrelated to the claims in this action.  With respect to plaintiff's confinement at Marcy C.F., the amended complaint contains Eighth Amendment deliberate medical indifference claims against Garcia and Coriglianno.  *See generally* Am. Compl.  Thus, the issues plaintiff has experienced related to the law library, the grievance program, and his programming/good time credits at Marcy C.F. are wholly unrelated to

6

plaintiff's underlying claims.  Because plaintiff cannot establish a likelihood of success on the merits of these underlying claims, plaintiff's request for relief is denied.  *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief were unrelated to the underlying facts of the claims, except for the fact that they arose in the prison context).

### b. Relief Related to Medical Care

"[R]equest[s] for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent."  *Hall v. Annucci*, No. 19-CV-5521, 2021 WL 4392526, at *14 (S.D.N.Y. Sept. 24, 2021) (citing *inter alia Perkins v. Rock*, No. 12-CV-1269, 2013 WL 4781762, at *2 (N.D.N.Y. Sept. 5, 2013) (noting that a plaintiff's request for preliminary injunctive relief was appropriately denied where the plaintiff's allegations of harm were "purely speculative" and unsupported "by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof").

While plaintiff seeks an order directing defendants to provide medical attention, the motion lacks facts demonstrating the likelihood of future harm.  While plaintiff annexed exhibits to with his submission, *see* Dkt. No. 28 at 27-87, the documents are largely unrelated to the motion and belie plaintiff's claims.  For example, plaintiff summarily alleges that he has been "completely deterred from even attempting to access medical care" and that "they flat out denied me care."  *See id*. 28 at 5, 15.  However, the only relevant exhibits related to his request for treatment are two sick call requests filed in January 2026 and February 2026, with no indication whether the requests were granted or denied.  *Id.*  Moreover, while plaintiff claims, he "has not seen a doctor at all," he provided copies of two letters which indicate that medical staff provided medication for nausea and migraines and that plaintiff's x-ray films

7

were sent to Wynn Hospital.  *Id*.  Plaintiff also admits that he was seen at sick call in February 2026 and told that his "x-ray results are fine."  *Id*.  Plaintiff's allegations related to defendants' refusal to schedule additional radiological testing amount to nothing more than a disagreement over the course of treatment, and cannot form the basis for a colorable § 1983 claim.  *See Tolbert v. Koenigsmann*, No. 9:13-CV-1577 (LEK/DEP), 2016 WL 3349317, at *4 (N.D.N.Y. June 15, 2016) (denying request for preliminary injunctive relief based upon the plaintiff's "issues" with the defendants' medical judgment).

Because plaintiff has not provided any documentation, exhibits, or any other evidence to support his medical claims, his concerns are "unsubstantiated" and "speculative" and cannot form the basis for injunctive relief.[1]  *Louis v. Morley*, No. 22-CV-10094., 2024 WL 4573677, at *3 (S.D.N.Y. Oct. 24, 2024).  "[T]he court cannot simply order adequate medical care [. . .], because '[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.' "  *Smith v. Halstead*, No. 7:24-CV-6855, 2024 WL 4389284, at *3 (S.D.N.Y. Oct. 3, 2024) (citation omitted).  Upon review, plaintiff's motion must be denied because plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Ivy Mar Co. v. C.R. Seasons Ltd*., 907 F.Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction").

---

[1] Plaintiff provided declarations from two inmates attesting to plaintiff's shoulder complaints and their visual observations of plaintiff's shoulder.  *See* Dkt. No. 28 at 75, 77.  However, these declarations do not constitute proof or evidence establishing a likelihood of success on the merits or a showing of a hardship requiring immediate action by the Court.  *See White v. Clark*, No. 9:12-CV-0986 NAM/RFT, 2012 WL 5877160, at *13 (N.D.N.Y. Nov. 20, 2012) (discussing submissions including affidavits of two inmates in support of some of the plaintiff's claims).

Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 28) is denied, without prejudice.  *See Hall*, 2021 WL 4392526, at *14 (noting that if the plaintiff wishes to renew his request for injunctive relief, he should provide the Court with medical records, affidavits, or other documentary evidence in support of his theory that the defendants' actions presented a risk of irreparable harm).[2]

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: <u>May 14, 2026</u>

Brenda K. Sannes
Chief U.S. District Judge

---

[2]  Plaintiff is free to pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.

9